| ORIGINAL COMPLAINT ||
|---|---|
| Paragraph | False and/or Misleading Statement |
| 20.b | Neither HCI, nor the loan servicer, Tuition Options, holds the license Florida law requires to offer retail installment contracts. Statute 520.32(1), Fla. Sta.  And such installment contracts lack the protections of federal student loans, such as forbearance, income-driven repayment and public service loan forgiveness. |
| 117 | HCI's retail installment contracts are preassigned to be serviced by Tuition Options, a third party processor. |
| 118 | Under Florida Law, it is a misdemeanor of the first degree to engage in or transact the business of a retail seller engaging in retail installment transactions without a business license.  Statute 520.32(1), Fla. Stat. |
| 119 | Neither HCI nor Tuition Options is licensed to offer retail installment contracts in the state of Florida. |
| 120 | On information and belief, since at least 2017, Defendants (HCI) have been in a contractual business relationship with Tuition Options for the servicing of retail installment contracts entered into by HCI students. |
| 121 | Tuition Options has lent money to Defendants as "Florian Education Investors LLC dba Health Career Institute LLC and in 2017 recorded a security interest in, inter alia, "any contract, promissory note, instrument, document and/or other agreement evidencing or securing or guaranteeing repayment of any loan made by [Defendants]to any student or former student of [HCI] which is funded and/or serviced by [Tuition Options].  State of Florida UCC Financing Statement attached hereto as Exhibit A. |
| 122 | On information and belief, nearly every student who enrolls in the RN program enters into a retail installment contract with HCI, serviced by Tuition Options. |
| 124 | On information and belief, nearly all of the students who enrolled in the RN Program between September 2019 and the present entered into a retail installment contract with HCI, serviced by Tuition Options. |
| 126 | Evidencing the prevalence and predatory nature of the institutional loans is the following excerpt from HCI's official student newsletter, "HCI Times" which notes that students behind on their Tuition Options payments will not even be permitted to enter campus." |
| 211 | Defendants offered Ms. Roberson a retail installment agreement, which she signed on May 28, 2020.  The retail installment contract specified Tuition Options as an assignee and servicer of the agreement. |
| 212 | Tuition Options was the only option presented to Ms. Roberson for financing her education expenses not covered by her federal student aid. |
| 238 | Attending HCI's RN Program left Ms. Roberson with about $20,000 in loans through Tuition Options as well as at least $20,000 more in federal student loans but no registered nursing license. |
| 239 | HCI is currently refusing to provide Ms. Roberson with a copy of her transcript because of her outstanding Tuition Options balance. |
| 240 | Because of the financial ruin that HCI brought to her life, Ms. Roberson moved back to Ohio to live with her brother to try and improve her financial situation. |
| 258 | The retail installment contract specified Tuition Options as an assignee and servicer of the agreement. |
| 259 | Tuition Options was the only option presented to Ms. Freeman for financing her education expenses not covered by federal student aid. |
| 293 | Attending HCI's RN Program left Ms. Freeman with about $12,000 in loans through Tuition Options as well as at least $18,000 more in federal student loans but no registered nursing license. |
| 301 | Defendants offered Ms. Vinas a retail installment agreement, which she signed in early 2021.  The retail installment contract specified Tuition Options as an assignee and servicer of the agreement. |

| | |
|---|---|
| 302 | Tuition Options was the only option presented to Ms. Vinas for financing her education expenses not covered by federal student aid. |
| 303 | Ms. Vinas's monthly Tuition Options payments were over $800, far above the amount she was told to expect or that she could reasonably afford. |
| 314 | Ms. Vinas has paid over $8,000 to Defendants through Tuition Options already, but still owes more than $10,000 to Defendants and another $20,000 in federal student loans. |
| 321 | The retail installment contract specified Tuition Options as an assignee and servicer of the agreement. |
| 342 | She declined to reenroll because the cost was prohibitive and would have required taking on significant institutional loans through Tuition Options.  She was, therefore, effectively forced to drop out. |