Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308-2216

troutman.com

---

**Sarah T Reise**                                                                 **James Kim**
sarah.reise@troutman.com                                    james.kim@troutman.com

December 21, 2022

Nicole Mayer, Esq.
171 Dommerich Drive.
Maitland, Florida 32751
Nicole@MayerLawFlorida.com

Rebecca Eisenbrey, Esq.
Project on Predatory Student Lending
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
reisenbrey@ppsl.org

Eric Schmidt, Esq.
Project on Predatory Student Lending
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
eschmidt@ppsl.org

**Re:**     **Roberson, et al. v. Health Career Institute LLC, et al., Case 9:22-cv-81883-RAR (S.D. Fla.)**

Dear Counsel:

My firm is counsel for Tuition Options, who has been the third-party servicer for certain retail installment contracts originated and owned by Health Career Institute LLC. We have reviewed the above-referenced class action complaint ("Complaint") wherein Tuition Option is referenced in Paragraphs 20(b) and 118-122 of the Complaint.

Plaintiffs allege that Tuition Options is not properly licensed under Florida law to hold or service the retail installment contracts ("RICs") at issue in the case. This allegation appears to be based on a misunderstanding of Florida law. Tuition Options is not a "sales finance company" under Fla. Stat. § 520.31(18) or Fla. Stat. § 520.52.

Nicole Mayer, Esq.
Rebecca Eisenbrey, Esq.
Eric Schmidt, Esq.
December 21, 2022
Page 2



Part III of Chapter 520 governs RICs that don't involve motor vehicles (Part I governs motor vehicle RICs) or home improvement (Part V governs home improvement RICs).  Under Part III, Section 520.31(18) provides that a "sales finance company" means:

> a person engaged in the business of purchasing retail installment contracts from one or more retail sellers. The term includes, but is not limited to, a bank or trust company, if so engaged. ***The term does not include the pledgee of an aggregate number of such contracts to secure a bona fide loan thereon.***

Fla. Stat. § 520.31(18) (emphasis added).  Here, as alleged in the Complaint, HCI pledged certain RICs to Tuition Option as collateral securing a commercial, business-to-business loan.  *See* Complaint, ¶ 121 (Exhibit A).  **The definition of sales finance companies for these RICs expressly excludes companies that hold RICs as collateral for bona fide loans**.  Accordingly, based on the Complaint's allegations, Tuition Options is not a sales finance company, which must hold a Florida license, as a matter of law.

In addition to Tuition Options unambiguously falling outside of relevant Florida law, public records establish that Tuition Options *never* held as collateral the RICs at issue in the Complaint.  **The UCC-1 attached to the Complaint as Exhibit A, the UCC-1 was terminated on *November 9, 2018*, when HCI paid off the commercial loan**.  *See* attached UCC Filing History.

The termination of the UCC-1 and release of the collateral happened two years before any of the named Plaintiffs enrolled in HCI's program.  To the extent the Complaint implies that this commercial loan still exists or that Tuition Options continues to receive RICs from HCI as collateral in connection with the loan, any such implication is inaccurate.

Finally, Tuition Options is a third party servicer for HCI's institutional loan program, wherein HCI is the lender and originator of its own RICs.  Tuition Options merely services the RICs designated by HCI.  For all of these reasons, Tuition Options was never a "sales finance company" as defined by Fla. Stat. § 520.31(18), and, therefore, was not required to be licensed.  *See* Fla. Stat. § 520.52(1).

**Nicole Mayer, Esq.**
**Rebecca Eisenbrey, Esq.**
**Eric Schmidt, Esq.**
December 21, 2022
Page 3



As Tuition Options was not required to be licensed as a "sales finance company" or otherwise under Florida law, we request that Plaintiffs amend their Complaint to remove all mention of Tuition Options.

Once you have had an opportunity to review, please confirm by January 6, 2023 that Plaintiffs will amend their Complaint as requested and when you anticipate filing or requesting leave to file such an amendment. Please feel free to contact us if you would like to discuss.

Sincerely,

Sarah T Reise
James Kim

STR

Attachments

137630793v2