

Marissel Descalzo
305.537.9572 Direct Dial
mdescalzo@tachebronis.com

August 16, 2023

**VIA EMAIL AND U.S. MAIL**

Rebecca Eisenbrey                         Nicole Mayer
reisenbrey@ppsl.org                       Nicole@MayerLawFlorida.com
Project on Predatory Student Lending      171 Dommerich Drive
769 Centre Street                         Maitland, Florida 32751
Jamaica Plain, MA 02130

Re:   *Brittany Roberson, et al. v. Health Career Institute, et al.*
      **Case No.: 9:22-cv-81883-RAR**
      **Non-Party Subpoena to Tuition Options, LLC**

Dear Ms. Eisenbrey:

This firm represents Tuition Options, LLC ("Tuition Options") with regard to a subpoena duces tecum for records only in the above-referenced action (the "Subpoena").

On July 28, 2023, Tuition Options accepted service of the Subpoena for records only, seeking the following documents:

1. **All contracts, operating agreements, or other Documents establishing, governing, or describing the business relationship between You and HCI and all Communications concerning same.**

2. **All Documents relating to the named Plaintiffs in this action: Rebecca Freeman, Tiffany King, Brittany Roberson, Tresha Thompson, and Bianca Vinas. This Request includes, but is not limited to, all retail installment contracts between HCI and any of the named Plaintiffs that are or were at any time serviced by You; all Communications with or about any of the named Plaintiffs regarding the payment status of their retail installment contracts, including internal Communications or Communications between You and HCI; all Communications with or about any of the named Plaintiffs regarding the month payment amount for their retail installment contracts; and all documents, including but not limited to payment records, application records,**

**and records regarding approvals or denials of any requests made by or on behalf of the named Plaintiffs.**

3. **All Communications regarding this lawsuit,** *Roberson et al. v. Health Career Institute LLC et al.*, **S.D. Fla. Case No. 9:22-cv-81883-RAR.**

As a preliminary matter, as noted in our client's prior correspondence, dated December 21, 2022 and May 19, 2023, Tuition Options is merely a third-party loan servicer for Health Career Institute ("HCI"). Tuition Options continues to object to the false and misleading manner in which the pleadings insinuate that Tuition Options acted as a sales finance company or a student loan lender to any member of the purported class described in the lawsuit.

More specifically, with regard to Plaintiffs' request # 1 for: "**[a]ll contracts, operating agreements, or other Documents establishing, governing, or describing the business relationship between You and HCI and all Communications concerning same,**" Tuition Options objects to this Request on the grounds that it is overbroad, and essentially unlimited in time and scope.

The First Amended Complaint in this action describes a proposed class of "all students who enrolled in the RN Program at HCI after September 1, 2019." *See* First Amended Complaint, at ¶ 442. Therefore, to the extent that any agreements between HCI and Tuition Options are relevant to this matter, they should be limited to the relevant time period of this lawsuit. The only responsive document during the relevant time period is a Servicing Agreement between Tuition Options and HCI, which is irrelevant to the allegations in the Original Complaint or First Amended Complaint. Nonetheless, Tuition Options is willing to produce the Servicing Agreement subject to a confidentiality order because the contract contains a confidentiality provision and proprietary terms. Accordingly, we would request that the parties agree to an appropriate confidentiality order regarding the use and dissemination of that contract.

Further, Tuition Options objects to producing "any and all" Communications regarding the relationship, as such could conceivably include information concerning various non-parties' personal educational information. As you may already know, such information is protected under the Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g; 34 CFR Part 99).

The relationship between Tuition Options and HCI will be evident from the Servicing Agreement. Accordingly, we object to Request # 1 to the extent the Subpoena seeks all "Communications" regarding the relevant relationship between Tuition Options and HCI. Tuition Options also objects to the scope and relevance given the privacy issues and the potential burden, including, but not limited to, the need to review electronically stored information ("ESI"). The production of ESI, or information based on ESI, that could be interpreted as responsive to the Subpoena represents an undue burden and expense on Tuition Options. The burden and expense to Tuition Options of retrieving, recovering, restoring, converting, and/or producing ESI, or information based on ESI, responsive to the Subpoena outweighs any benefit considering the needs of the case. The burden could increase exponentially depending on the type of format counsel would intend for Tuition Options to produce such information. To the extent that Tuition Options is required to produce any ESI, good cause exists under the circumstances for shifting to the issuing

party all of Tuition Option's reasonable costs and expenses to search for, retrieve, recover, restore, and/or convert any further responsive ESI, or information based on ESI.

With regard to Request # 2, as explained above, such information is protected under the Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99), and accordingly we would request an order concerning such production.

With regard to Request # 3 concerning "**[a]ll Communications regarding this lawsuit,** *Roberson et al. v. Health Career Institute LLC et al.*, **S.D. Fla. Case No. 9:22-cv-81883-RAR,**" we understand this request to concern discussions about the actual lawsuit once filed, as opposed to anything related to the issues raised by the lawsuit, which would seem exceedingly broad given the scope of the allegations.

We note, however, that the Subpoena instructions do not seem to exempt privileged communications with counsel and seems to request a privilege log for all such communications. This request is unreasonable under the circumstances. Specifically, this matter was filed on December 2, 2022, and once Tuition Options learned of the false and misleading statements made about it in the original Complaint, it reviewed the matter with counsel. Tuition Options has made it clear that it is a non-party and should not have been referenced in this lawsuit. Under the circumstances, Tuition Options will not produce records responsive to this Request and certainly not list its communications with counsel about such information on a privilege log.

As you may already know, Local Rule 26.1(e)(2)(C) expressly exempts individuals from any obligation listing communications on a privilege log for matters following the filing of the action:

> (C) This rule requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection except the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action.

In an effort to resolve this Request, Tuition Options proposes to provide copies of its communications with HCI following the filing of this lawsuit concerning erroneous or misleading representations made on HCI's website.

Please contact me if you have any questions.

Sincerely,

*/s/ Marissel Descalzo*

Marissel Descalzo